recognized and declared in the supreme court of Texas in McCarn v. Railway Co., 84 Tex. 352, 19 S. W. 547, 16 L. R. A. 39, 31 Am. St. Rep. 51; Railway Co. v. Looney, 85 Tex. 158, 19 S. W. 1039, 16 L. R. A. 471, 34 Am. St. Rep. 787.

Therefore, in my opinion, the court below committed reversible error in overruling the exception of the St. Louis, Iron Mountain & Southern Railway Company to the fourth original petition of the plaintiff, which excepted to the said petition on account of a misjoinder of parties defendant and causes of action apparent upon the face thereof; and the court below also committed reversible error in instructing the jury over the objections of the plaintiff in error that the plaintiff below was a passenger on the line of the St. Louis, Iron Mountain & Southern Railway Company from the time she entered its custody at Fair Oaks until she was delivered by it to the Southern Railway Company at Memphis. This instruction gives the jury to understand that the St. Louis, Iron Mountain & Southern Railway Company was under an obligation to deliver the plaintiff below to the Southern Railway Company at Memphis, whereas the real contract between the parties sued on was to deliver the plaintiff at Memphis. This error becomes particularly important when it is considered that most of the damages suffered by the plaintiff were after the delivery at Memphis and before the plaintiff actually entered in the cars of the Southern Railway.

This statement sufficiently indicates the grounds why I cannot agree to the affirmance of the judgment below.

---

BROOKFIELD et al. v. HECKER et al. (Circuit Court, S. D. New York. February 17, 1902.) Motion for preliminary injunction. William V. Rowe, for the motion. Hamilton Wallis, opposed.

LACOMBE, Circuit Judge. The court, on the argument, gathered the impression that, as to the use of the trade-name "Can't be Beat," defendants conceded that they had no right to use it and agreed to desist. As to all other relief now asked for, application for injunction in advance of final hearing must be denied.

---

CORTELYOU et al. v. LOWE et al. (Circuit Court, S. D. New York. February 6, 1902.) In Equity. Samuel Owen Edmonds, for plaintiffs. Joab H. Banton, for defendants.

WHEELER, District Judge. This demurrer to the bill cannot be sustained without disregarding the decision of Judge Thomas granting a preliminary injunction thereon, and that of the circuit court of appeals affirming the same. 49 C. C. A. 671, 111 Fed. 1005. Demurrer overruled; defendants to answer order by March rule day.

---

GEORGE FROST CO. v. FRANKENSTEIN et al. (Circuit Court, S. D. New York. February 17, 1902.) A. D. Salinger and Charles Neave, for the motion. Edmund Wetmore, opposed.

LACOMBE, Circuit Judge. The defendants have satisfactorily explained the presence of the patent mark on the metal work of some of their goods. Having brought all of these into court, the bits of metal may be removed from the supporters and kept in the clerk's office, to be disposed of at final hearing. Following Judge Coxe's decision (112 Fed. 1009), preliminary injunction may issue.

---

GEORGE FROST CO. v. STEIN et al. (Circuit Court, S. D. New York. February 17, 1902.) A. D. Salinger and Charles Neave, for the motion. Edmund Wetmore, opposed.

LACOMBE, Circuit Judge. Preliminary injunction may issue, following decision of Judge Coxe. 112 Fed. 1009.